IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **BROOKE ARMBRISTER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-1211-B-BH |
| | § | |
| **MICHAEL MCFARLAND et al.,** | § | |
| | § | |
| **Defendant.** | § | **Referred to U.S. Magistrate Judge** |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**

By *Standing Order of Reference*, filed May 15, 2018 (doc. 10), this case has been referred for full case management. Before the Court for recommendation is *Defendant's Motion to Dismiss Plaintiff's Amended Complaint for Failure to State a Claim and Lack of Standing*, filed May 30, 2018 (doc. 23). Based on the relevant filings and applicable law, the motion should be **GRANTED**, and the plaintiff's remaining claims should be dismissed *sua sponte*.

**I. BACKGROUND**

On April 12, 2018, Brooke Armbrister (Plaintiff) filed this suit in state court against Columbia College (College), Michael McFarland (Employee), Michelle Klaustermeier (Secretary), and Mark Falkowski (General Counsel) (collectively, Defendants). (doc. 1-6 at 2.)[1] The case was removed to federal court on May 11, 2018 (*see* doc. 1), and on May 18, 2018, Plaintiff filed an "Amended Pleading" in which she appears to assert claims for violations of her civil rights under 42 U.S.C. § 1981 and § 1983, as well as violations of federal criminal statutes against Defendants.

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

(*See* doc. 16 at 2-5.)[2]  She requests the release of her college transcripts and "monetary relief . . . in the amount of $11,032.11 . . . ." (*Id*. at 5.)

Plaintiff is former a student of the College who requested a copy of her transcripts so that she could go back to school.  (doc. 16 at 3-4.)  She claims that she "need[s] [her] transcripts to evolve [her] standard of living" because she lives "in a homeless shelter and the jobs [she] want[s] require a degree . . . ." (*Id*.)  The College has a policy of "not provid[ing] transcripts to students who still have a balance owed to the College." (doc. 24 at 11.)  It informed Plaintiff that it would not provide her with her transcripts because she had an outstanding balance of $3,677.37.  (*See* docs. 16 at 3-5; 24 at 10-11.)  Plaintiff claims that she does not owe a balance to the College, her "transcripts are being held for ransom under extortion when the balance plainly states a $0 balance . . . .," and her "educational goals" have been delayed because she has not received her transcripts. (doc. 16 at 3.)

Plaintiff alleges that "two or more people are in collusion to withhold [her] transcripts and contend [she has] to pay a balance that is a debt allowance . . . not at all validated on [her] statement of account . . . ." (*Id*. at 5.)  She claims that Employee and Secretary violated the law "by engaging in deceptive business practices by circling a numeric value on a statement of [her] account [that was] inaccurate to the material facts . . . ." (*Id*. at 3.)  She asked General Counsel to review her concerns to no avail.  (*Id*.)  She specifically alleges that Employee "depreciated [her] standard of living by not releasing the transcripts when nothing is owed," that Secretary colluded "by not contacting legal counsel" and by circling the amount she owed on her account balance sheet, and that General Counsel participated in the alleged acts because he did not "seek higher counsel" based on her

---

[2] Plaintiff's "Amended Pleading" is liberally construed as her first amended complaint. (*See* docs. 16; 21.)

complaints. (*Id*. at 4.) She claims that the alleged acts deprived her of her "right to life, liberty, and the pursuit of happiness," and deprived her of her "legal rights to equality" under the Fourth, Ninth, Fourteenth, and Nineteenth Amendments of the Constitution. (*Id*. at 2, 4.)

On May 30, 2018, Defendants filed their motion to dismiss Plaintiff's complaint. (*See* docs. 23-24.) Plaintiff filed her response on July 3, 2018, and Defendants did not file a reply. (*See* doc. 27.) The motion is now ripe for recommendation.

## II. RULE 12(b)(6)

Defendants move to dismiss Plaintiff claims under Rule 12(b)(6) for failure to state a claim upon which relief can be granted. (doc. 24 at 3-8.)

Rule 12(b)(6) allows motions to dismiss for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings. *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *see also Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999), *cert. denied*, 530 U.S. 1229 (2000). It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers." *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir. 1981). Nonetheless, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal. *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff. *Baker*, 75 F.3d at 196.

"[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted). Nevertheless, a plaintiff must

3

provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions"). The alleged facts must "raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. In short, a complaint fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted unlawfully. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted). When plaintiffs "have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." *Twombly*, 550 U.S. at 570; *accord Iqbal*, 556 U.S. at 678.

As noted, a court cannot look beyond the pleadings in deciding a 12(b)(6) motion. *Spivey*, 197 F.3d at 774; *Baker*, 75 F.3d at 196. When a party presents "matters outside the pleadings" with a Rule 12(b)(6) motion to dismiss or in a response to a Rule 12(b)(6) motion to dismiss, a court has "complete discretion" to either accept or exclude the evidence for purposes of determining the motion. *Isquith ex rel. Isquith v. Middle S. Utils., Inc.*, 847 F.2d 186, 196 n.3 (5th Cir. 1988); *accord Gen. Retail Servs., Inc. v. Wireless Toyz Franchise, LLC*, 255 F. App'x 775, 783 (5th Cir. 2007); *see Walch v. Adjutant General's Dept. of Tex.*, 533 F.3d 289, 293–94 (5th Cir. 2008). However, "[i]f . . . matters outside the pleading[s] are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56," and "[a]ll parties must be given a

reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

Nevertheless, "pleadings" for purposes of a Rule 12(b)(6) motion include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Similarly, documents attached to a motion to dismiss or to a response to a motion to dismiss "are considered part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim[s]." *Collins*, 224 F.3d at 499 (quotations omitted); *accord Benchmark Elecs., Inc. v. J.M. Huber Corp.*, 343 F.3d 719, 725 (5th Cir. 2003); *see Walch*, 533 F.3d at 293–94 (finding that reliance on documents attached to a response to a motion to dismiss was appropriate where the documents were "sufficiently referenced in the complaint"). It is also "clearly proper in deciding a 12(b)(6) motion to take judicial notice of matters of public record." *Norris v. Hearst Trust*, 500 F.3d 454, 461 n.9 (5th Cir. 2007); *Cinel v. Connick*, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994). Accordingly, documents falling in these three categories may be properly considered without converting the motion to dismiss into a motion for summary judgment.

Defendants attached to their motion copies of emails sent to Plaintiff and a copy of a statement of her student account. (*See* doc. 24 at 9-14.) Although these filings are not attached to Plaintiff's amended complaint, they may be considered part of the pleadings because they are attached to Defendants' motion to dismiss, referred to in the amended complaint, and central to Plaintiff's claims. *In re Katrina Canal Breaches Litig.*, 495 F.3d at 205; *Collins*, 224 F.3d at 498–99. Accordingly, it is unnecessary to convert Defendants' motion to dismiss into a motion for

5

summary judgment.[3]

A. **42 U.S.C. § 1983**

Defendants move to dismiss Plaintiff's constitutional claims because they are not state actors and any alleged acts were not committed "under the color of state law." (doc. 24 at 4-5.)

Section 1983 "provides a federal cause of action for the deprivation, under color of law, of a citizen's 'rights, privileges, or immunities secured by the Constitution and laws' of the United States." *Livadas v. Bradshaw*, 512 U.S. 107, 132 (1994). It "afford[s] redress for violations of federal statutes, as well as of constitutional norms." *Id*. To state a claim, a plaintiff must allege facts that show (1) she has been deprived of a right secured by the Constitution and the laws of the United States and (2) the deprivation occurred under color of state law. *See Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155 (1978); *Cornish v. Corr. Servs. Corp.*, 402 F.3d 545, 549 (5th Cir. 2005). "Under color of state law" excludes from its reach purely private conduct, no matter how discriminatory or wrongful. *Blum v. Yaretsky*, 457 U.S. 991, 1002 (1982).

In some circumstances, a private party may be acting "under color of state law" and held liable under § 1983. *See Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 152 (1970). For example, in *Priester v. Lowndes Cty.*, 354 F.3d 414 (5th Cir. 2004), *cert. denied*, 543 U.S. 829 (2004), the Fifth Circuit explained that "[f]or a private citizen . . . to be held liable under section 1983, the plaintiff must allege that the citizen conspired with or acted in concert with state actors." *Id*. at 420 (citing *Mylett v. Jeane*, 879 F.2d 1272, 1275 (5th Cir. 1989) (per curiam)). The plaintiff must allege: (1)

---

[3] Plaintiff also attached a printout of her phone bill to her response to Defendants' motion to dismiss to support her argument that she does not have an outstanding balance with the College because like her phone bill, "the Statement of Account is at a $0.00." (doc. 27 at 3-4.) Because it is not attached to her complaint or central to her claims, it may not be considered as part of the pleadings. Even if considered, this document does not relate to any issues raised in the motion, so it would not affect the recommendation concerning the motion.

an agreement between the private and public defendants to commit an illegal act and (2) a deprivation of constitutional rights. *Id.*; *see also Avdeef v. Royal Bank of Scotland, P.L.C.*, 616 F. App'x 665, 676 (5th Cir. 2015). Allegations that are merely conclusory, without reference to specific facts, will not suffice. *Priester*, 354 F.3d at 423 n.9 (citing *Brinkmann v. Johnston*, 793 F.2d 111, 113 (5th Cir. 1986) (per curiam)). Here, Plaintiff does not allege that Defendants conspired with a state actor. (*See* doc. 16.)

In the absence of an alleged conspiracy with a state actor, a private party can be held to be a state actor (1) where there is a sufficiently close nexus between the state and the challenged action of the private party so that the action of the party may be fairly treated as that of the state itself, (2) where the private party has exercised powers that are "traditionally the exclusive prerogative of the state," or (3) where the state has exercised coercive power or has provided such significant encouragement, either overt or covert, that the action of the private party must in law be deemed to be that of the state. *Blum*, 457 U.S. at 1004; *see also Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 939 (1982) (recognizing three tests for determining whether a private party is acting under color of state law: the public function test, the state compulsion test, and the joint action or nexus test).

Here, Plaintiff makes no allegations that Defendants are state actors. She alleges no facts to support a finding that they are state actors or that the individual Defendants, as employees of the College, engaged in anything but private conduct under any of the three tests for state action. Additionally, "[c]ourts have consistently found that private universities[, such as the College,] are not state actors." *Menard v. Bd. of Trs. of Loyola Univ.*, No. 04-112, 2004 WL 574727, at *2 (E.D. La. Mar. 22, 2004) (citing cases); *see also Smith-Ross v. La. Coll.*, No. 1:16-0870, 2017 WL 1284945, at *2–3 (W.D. La. Apr. 3, 2017) (finding that a college was not a state actor); *Colli v. S.*

7

*Methodist Univ.*, No. 3:08-CV-1627-P, 2011 WL 3524403, at *3 (N.D. Tex. Feb. 14, 2011) (citing cases) ("Private universities, however, are not state actors . . . ."). Accordingly, Plaintiff's claims under § 1983 should be dismissed for failure to state a claim. *See Charles Brown v. 7-ELEVEN, et al.*, No. 3:18-CV-1548-S-BH, 2018 WL 4976727, at *2 (N.D. Tex. Sept. 24, 2018) (dismissing claims against private defendants because the defendants were not state actors and their employees did not engage in state action).

**B.     Criminal Statutes**

Defendants also move to dismiss Plaintiff's claims asserted under criminal statutes because the statutes do not create "a private right of action." (doc. 24 at 6.)[4]

"[P]rivate citizens do not have the right to bring a private action under a federal criminal statute." *Sappore v. Arlington Career Inst.*, No. 3:09-CV-1671-N, 2010 WL 446076, at *2 (N.D. Tex. Feb. 8, 2010) (citing *Pierre v. Guidry*, 75 F. App'x 300, 301 (5th Cir. 2003) (per curiam)). They cannot enforce criminal statutes in a civil action. *See Florance*, 500 F. Supp. 2d at 626 (N.D. Tex. 2007); *see, e.g., Algoe v. Tex.*, Nos. 3:15-CV-1162-D, 3:15-CV-1204-D, 2016 WL 6902154, at *9 (N.D. Tex. Sept. 29, 2016) (dismissing civil claim brought pursuant to criminal statutes), *adopted by*, 2016 WL 6893682 (N.D. Tex. Nov. 21, 2016).

Here, the statutes that Plaintiff has cited, 18 U.S.C. § 241 and § 1951, are both criminal statutes. *See Chaney v. Races and Aces*, 590 F. App'x 327, 330 (5th Cir. 2014) (citing *Ali v.*

---

[4] Although Defendants also appear to move to dismiss Plaintiff's claims for violations of criminal statutes under Rule 12(b)(1) for lack of standing, courts "have repeatedly held that violations of criminal statutes . . . do not give rise to a private right of action" and dismissed such claims with prejudice under Rule 12(b)(6). *Leeds v. Tex. Dep't of Family and Protective Servs.*, No. 3:14-CV-3578-N-BK, 2015 WL 4736567, at *2 (N.D. Tex. Aug. 10, 2015). Because Defendants assert that there is no private right of action to assert violations of criminal statutes and seek dismissal with prejudice under Rule 12(b)(6), their arguments may be appropriately addressed under Rule 12(b)(6). *See Avila v. Cty. of Hidalgo, Tex.*, 606 F. App'x 269, 269–70 (5th Cir. 2015) (affirming the district court's dismissal of claims under criminal statutes under Rule 12(b)(6)); *Leeds*, 2015 WL 4736567, at *2 (dismissing claims for violations of criminal statutes with prejudice under Rule 12(b)(6); *Florance v. Buchmeyer*, 500 F. Supp. 2d 618, 626 (N.D. Tex. 2007) (same).

*Shabazz*, 8 F.3d 22 (5th Cir. 1993)) (finding that § 241 is a criminal statute that does not create a private right of action); *Algoe*, 2016 WL 6902154, at *9 (citing *Lowe v. Wellcare Health Plans, Inc.*, No. 3:09-CV-0806-D, 2009 WL 3047424, at *2 (N.D. Tex. Sept. 22, 2009)) (finding that 18 U.S.C. § 1951 is a criminal statute that does not create a private right of action). Accordingly, any claims that Plaintiff pursues under § 241 or § 1951 should also be dismissed for failure to state a claim. *See Florance*, 500 F. Supp. 2d at 635 (dismissing claims alleging criminal charges for failure to state a claim); *see also Algoe*, 2016 WL 6902154, at *9 (same).[5]

### III. *SUA SPONTE* DISMISSAL

Plaintiff also generically cites to 42 U.S.C. § 1981 as a basis for her constitutional claims. (doc. 16 at 4-5.) Defendants do not appear to move for dismissal of any claims asserted under § 1981, however. (*See* doc. 24.)

A court may *sua sponte* dismiss a plaintiff's claims on its own motion under Rule 12(b)(6) for failure to state a claim as long as the plaintiff has notice of the Court's intention and an opportunity respond. *See Carroll v. Fort James Corp.*, 470 F.3d 1171, 1177 (5th Cir. 2006) (citing *Shawnee Int'l., N.V. v. Hondo Drilling Co.*, 742 F.2d 234, 236 (5th Cir. 1984)). "The fourteen-day time frame for filing objections to a recommended dismissal provides Plaintiff with notice and an opportunity to respond." *Fantroy v. First Fin. Bank, N.A.*, No. 3:12-CV-0082-N (BH), 2012 WL 6764551, at *7 (N.D. Tex. Dec. 10, 2012) (citing *Ratcliff v. Coker*, No. 9:08-CV-127, 2008 WL 4500321, at *3 n.1 (E.D. Tex. Sept. 26, 2008)), *adopted by*, 2013 WL 55669 (N.D. Tex. Jan. 4, 2013).

---

[5] Although Defendants also move to dismiss any state law claims asserted by Plaintiff, she appears allege claims only under federal law. (doc. 24 at 7; *see* doc. 16.) It is therefore unnecessary to reach Defendants' arguments for dismissal of any state law claims.

9

"Section 1981 generally forbids racial discrimination in the making and enforcement of private contracts." *Bobo v. ITT, Continental Baking Co.*, 662 F.2d 340, 342 (5th Cir. 1981), *cert. denied*, 456 U.S. 933 (1982) (citing *Runyon v. McCrary*, 427 U.S. 160, 168 (1976)); *see also* 42 U.S.C § 1981. It implies "a cause of action against private actors" only. *Oden v. Oktibbeha Cty., Mississippi*, 246 F.3d 458, 463 (5th Cir. 2001); *see Olford v. City of Houston*, No. H-17-3421, 2018 WL 3208196, at *3 (S.D. Tex. June 29, 2018) (quoting *Oden*, 246 F.3d at 463). To establish a § 1981 claim, the plaintiff must prove "purposeful discrimination." *General Bldg. Contractors Ass'n v. Pennsylvania*, 458 U.S. 375, 391 (1982). Here, Plaintiff does not identify any contract between her and Defendants. (*See* doc. 16.) She states only that her "right to contract, to modify and or terminate that contract was infringed," and that she was a "consumer under performance of the contract . . . ." (*Id.* at 3-4.) Even if her amended complaint is liberally construed as identifying a contract, Plaintiff fails to plead any facts to support a showing that Defendants discriminated against her in the enforcement of any contract on the basis of race. (*See id.*) Because Plaintiff fails to state a plausible claim for relief under § 1981, this claim should be dismissed *sua sponte*.

## IV. OPPORTUNITY TO AMEND

Notwithstanding their failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted. *See Scott v. Byrnes*, No. 3:07-CV-1975-D, 2008 WL 398314, at *1 (N.D. Tex. Feb. 13, 2008); *Sims v. Tester*, No. 3:00-CV-0863-D, 2001 WL 627600, at *2 (N.D. Tex. Feb. 13, 2001). Courts therefore typically allow *pro se* plaintiffs to amend their complaints when the action is to be dismissed pursuant to a court order. *See Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, No. 3:96-CV-2923-D, 2004 WL 789870, at *2 (N.D. Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2. A *pro se* plaintiff

may also obtain leave to amend his complaint in response to a recommended dismissal. *See Swanson v. Aegis Commc'ns Grp., Inc.*, No. 3:09-CV-0041-D, 2010 WL 26459, at * 1 (N.D. Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. However, "[w]hen a plaintiff is given an opportunity to amend a complaint that fails to state a claim upon which relief can be granted, but refuses to do so, then the district court is justified in dismissing the complaint with prejudice." *Rodriguez v. U.S.*, 66 F.3d 95, 98 (5th Cir. 1995). Additionally, a court may appropriately dismiss an action with prejudice without giving an opportunity to amend if it finds that the plaintiff has alleged his or her best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir. 1999).

Here, Plaintiff has amended her complaint once, and she submitted a response to Defendants' motion to dismiss. (*See* docs. 16; 27.) It does not appear she could successfully state a claim for relief even if provided an opportunity to amend because Defendants are not state actors, her claims under § 1981 are not based on racial discrimination, and she cannot assert claims under criminal statutes. Any further opportunity to amend is therefore unwarranted.

## V. RECOMMENDATION

Defendants' motion to dismiss should be **GRANTED**. Plaintiff's claims under 42 U.S.C. § 1983 and criminal statutes should be **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted, and her claims under 42 U.S.C. § 1981 should be *sua sponte* **DISMISSED with prejudice** for failure to state a claim upon which relief can be granted.

**SO RECOMMENDED** on this 30th day of October, 2018.

                                                                        /s/ Irma Carrillo Ramirez
                                                                        IRMA CARRILLO RAMIREZ
                                                                        UNITED STATES MAGISTRATE JUDGE

11

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE