## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## DALLAS DIVISION

| | | |
|---|---|---|
| **BROOKE ARMBRISTER,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **Civil Action No. 3:18-CV-1211-B-BH** |
| | § | |
| **MICHAEL MCFARLAND et al.,** | § | |
| | § | |
| **Defendant.** | § | **Referred to U.S. Magistrate Judge** |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Standing Order of Reference*, filed May 15, 2018 (doc. 10), this case has been referred for full case management. Before the Court for recommendation is the plaintiff's *FRE 59e - Motion for Altered or Amended Judgment*, filed December 27, 2018 (doc. 39). Based on the relevant filings and applicable law, the motion should be **DENIED**.

### I. BACKGROUND

On April 12, 2018, Brooke Armbrister (Plaintiff) sued Columbia College (College), Michael McFarland (Employee), Michelle Klaustermeier (Secretary), and Mark Falkowski (General Counsel) (collectively, Defendants) in state court. (doc. 1-6 at 2.)[1]  After the case was removed to federal court, Plaintiff amended her complaint to assert claims under 42 U.S.C. § 1981 and § 1983 for violations of her civil rights under the Fourth, Ninth, Fourteenth, and Nineteenth Amendments of the Constitution, as well as for violations of federal criminal statutes. (*See* doc. 16 at 2-5.)

Plaintiff is former a student of the College who requested a copy of her transcripts so that she could go back to school. (doc. 16 at 3-4.) The College allegedly has a policy of "not provid[ing]

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

transcripts to students who still have a balance owed to the College," and it informed Plaintiff that it would not provide her with her transcripts because she had an outstanding balance of $3,677.37. (*See* docs. 16 at 3-5; 24 at 10-11.)  Plaintiff denied that she owed a balance and sought the release of her college transcripts and "monetary relief . . . in the amount of $11,032.11 . . . ." .  (doc. 16 at 3, 5.)

On May 30, 2018, Defendants filed their motion to dismiss Plaintiff's claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  (*See* docs. 23-24.)  On October 31, 2018, it was recommended that the motion be granted, and that Plaintiff's remaining claims be dismissed *sua sponte* for failure to state a claim.  (*See* doc. 30.)  The recommendation was adopted, and Plaintiff's claims were dismissed with prejudice by judgment dated November 15, 2018.  (*See* docs. 32-33.)

On December 26, 2018, Plaintiff filed a motion expressly seeking to alter or amend the judgment under Fed. R. Civ. P. 59(e) based on new evidence.  (*See* docs. 37-39.)  She claims that she is "working with the neural surveillance monitoring, program led by The CIA," she has permission to use her "Federal Government-Federal Reserve Bank Account immediately for ODFI to the RDFI, and to designate[] beneficiaries for electronic funds transfer," the account is fully funded, and she owns "every Governmental Agency here and beyond formerly owned by the Crown." (*See* doc. 39 at 1-2.)

## II. RULE 59(e)

To prevail on a motion to alter or amend judgment under Rule 59(e) of the Federal Rules of Civil Procedure, the moving party must show (1) an intervening change in the controlling law; (2) the newly discovered evidence that was previously unavailable; or (3) a manifest error of law or fact. *Alexander v. Wells Fargo Bank, N.A.*, 867 F.3d 593, 597 (5th Cir. 2017) (citing *Schiller v.*

*Physicians Resource Group, Inc.*, 342 F.3d 563, 567 (5th Cir. 2003)). Rule 59(e) provides that "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment," however. Plaintiff's motion was filed outside of that time frame. It is therefore properly construed as arising under Rule 60(b). *See Benson v. St. Joseph Reg'l Health Ctr.*, 575 F.3d 542, 547 (5th Cir. 2009) (stating that courts may treat an untimely Rule 59(e) motion as a Rule 60(b) motion if grounds asserted would also support relief under that rule) (quoting *Halicki v. La. Casino Cruises, Inc.*, 151 F.3d 465, 470 (5th Cir. 1998)).

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. Proc. 60(b)(1)-(6). Because Plaintiff's claim of new evidence could also support a claim of relief under Rule 60(b)(2), her motion is construed as arising under that rule.

### III. RULE 60(b)

To obtain relief under Rule 60(b)(2) based on newly discovered evidence, movants must show that (1) they "'exercised due diligence in obtaining the information; and (2) that the evidence is material and controlling and clearly would have produced a different result if present before the original judgment.'" *Nat'l City Golf Fin. v. Scott*, 899 F.3d 412, 418 (5th Cir. 2018) (internal quotation omitted) (quoting *Thermacor Process, L.P. v. BASF Corp.*, 567 F.3d 736, 744 (5th Cir.

2009)).  These requirements must be "'strictly'" satisfied.  *Id.* (quoting *Longden v. Sunderman*, 979 F.2d 1095, 1102 (5th Cir.1992)).  Evidence is not "new" if the movant had access to it before judgment.  *See id.*

Here, Plaintiff has not explained why she could not have obtained the allegedly new evidence prior to the entry of judgment, since it consists of information that would have been known by her. Nor has she shown that her new evidence is material to her claims and would have clearly produced a different result.  At best, her allegations may be construed as a claim that she now has the means with which to pay any outstanding balance owed to the College.  Even if her new evidence is considered in support of her claims, she still fails to state a viable claim upon which relief may be granted.

## IV. RECOMMENDATION

Plaintiff's motion to alter or amend the judgment under Rule 59(e) should be construed as arising under Rule 60(b) and **DENIED**.

**SO RECOMMENDED** on this 28th day of December, 2018.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5