IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BROOKE ARMBRISTER, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 3:18-CV-1211-B-BH |
| | § | |
| MICHAEL MCFARLAND et al., | § | |
| | § | |
| Defendant. | § | Referred to U.S. Magistrate Judge |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION

By *Standing Order of Reference*, filed May 15, 2018 (doc. 10), this case has been referred for full case management. Before the Court for recommendation is the plaintiff's sealed and *ex parte Motion FRE 60*, filed January 3, 2019 (doc. 41). Based on the relevant filings and applicable law, the Clerk's Office shall unseal the motion, and it should be **DENIED**.

### I. BACKGROUND

On April 12, 2018, Brooke Armbrister (Plaintiff) sued Columbia College (College), Michael McFarland (Employee), Michelle Klaustermeier (Secretary), and Mark Falkowski (General Counsel) (collectively, Defendants) in state court. (doc. 1-6 at 2.)[1] After the case was removed to federal court, Plaintiff amended her complaint to assert claims under 42 U.S.C. § 1981 and § 1983 for violations of her civil rights under the Fourth, Ninth, Fourteenth, and Nineteenth Amendments of the Constitution, as well as for violations of federal criminal statutes. (*See* doc. 16 at 2-5.)

Plaintiff is former a student of the College who requested a copy of her transcripts so that she could go back to school. (doc. 16 at 3-4.) The College allegedly has a policy of "not provid[ing]

---

[1] Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

transcripts to students who still have a balance owed to the College," and it informed Plaintiff that it would not provide her with her transcripts because she had an outstanding balance of $3,677.37. (*See* docs. 16 at 3-5; 24 at 10-11.)  Plaintiff denied that she owed a balance and sought the release of her college transcripts and "monetary relief . . . in the amount of $11,032.11 . . . ." .  (doc. 16 at 3, 5.)

On May 30, 2018, Defendants filed their motion to dismiss Plaintiff's claims for failure to state a claim under Fed. R. Civ. P. 12(b)(6).  (*See* docs. 23-24.)  On October 31, 2018, it was recommended that the motion be granted, and that Plaintiff's remaining claims be dismissed *sua sponte* for failure to state a claim.  (*See* doc. 30.)  The recommendation was adopted, and Plaintiff's claims were dismissed with prejudice by judgment dated November 15, 2018.  (*See* docs. 32-33.)

More than twenty-eight days later, on December 26, 2018, Plaintiff filed a motion expressly seeking to alter or amend the judgment under Fed. R. Civ. P. 59(e) based on new evidence.  (*See* docs. 37-39.)  She claimed that she was "working with the neural surveillance monitoring, program led by The CIA," she has permission to use her "Federal Government-Federal Reserve Bank Account immediately for ODFI to the RDFI, and to designate[] beneficiaries for electronic funds transfer," the account is fully funded, and she owns "every Governmental Agency here and beyond formerly owned by the Crown." (*See* doc. 39 at 1-2.)  On December 28, 2018, it was recommended that Plaintiff's motion be construed as arising under Fed. R. Civ. P. 60(b)(2) because it was filed outside of Rule 59(e)'s time limits, and that it be denied.  (*See* doc. 40.)

Plaintiff subsequently filed a motion under Rule 60 under seal and *ex parte*.  (*See* doc. 41.) It contends that she does not owe College any balance, and that she is "under neural communication with The FBI in Downtown Dallas and Washington D.C., our Texas and Washington Attorney

Generals, and Generals in our United States Military along with Secret Agents, and Special Agents." (*See id.*)

## II. RULE 60

Rule 60(b) provides that a court may relieve a party from a final judgment or order for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered earlier; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable; or (6) any other reason that justifies relief. Fed. R. Civ. Proc. 60(b)(1)-(6).

Plaintiff's motion does not allege mistake, inadvertence, surprise, or excusable neglect; newly discovered evidence; fraud, misrepresentation, or misconduct by an opposing party; a void judgment; the judgment has been satisfied, released, or discharged, or it is based on an earlier judgment that has been reversed or vacated, or that applying the judgment prospectively is no longer equitable. It may therefore be construed as arising under the "catch-all" clause of Rule 60(b)(6). *See Hess v. Cockrell*, 281 F.3d 212, 215-16 (5th Cir. 2002).

Rule 60(b)(6) is "a residual clause used to cover unforeseen contingencies; that is, it is a means for accomplishing justice in exceptional circumstances." *Steverson v. GlobalSantaFe Corp.*, 508 F.3d 300, 303 (5th Cir. 2007) (quoting *Stipelcovich v. Sand Dollar Marine, Inc.*, 805 F. 2d 599, 604-05 (5th Cir. 1986)). Motions under this clause "will be granted only if extraordinary circumstances are present." *Hess*, 281 F.3d at 216. In *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396 (5th Cir. 1981), the Fifth Circuit set forth several considerations for evaluating a motion under Rule

3

60(b)(6): (1) that final judgments should not lightly be disturbed; (2) that a Rule 60(b) motion should not be used as a substitute for appeal; (3) that the rule should be liberally construed in order to achieve substantial justice; (4) whether, if the case was not decided on its merits due to a default or dismissal, the interest in deciding the case on its merits outweighs the interest in the finality of the judgment and there is merit in the claim or defense; (5) whether, if the judgment was rendered on the merits, the movant had a fair opportunity to present his claims; (6) whether there are intervening equities that would make it inequitable to grant relief; and (7) any other factors relevant to the justice of the judgment under attack. *Id.* at 402.

Here, Plaintiff only reiterates her claim that she does not owe College a balance. She has not alleged extraordinary circumstances such that denial of her motion would be "so unwarranted as to constitute an abuse of discretion." *See Vafaiyan v. City of Wichita Falls*, 398 Fed.App'x 989, 990 (5th Cir. 2010) (noting standard of review for denial of Rule 60(b) motions). Nor would granting the motion be consistent with the considerations listed in *Seven Elves*.

## IV. RECOMMENDATION

Plaintiff's motion under Rule 60(b) should be **DENIED**.

**SO RECOMMENDED** on this 23rd day of January, 2019.

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

4

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

_____
IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5